# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8478 | **DATE** | 12/7/11 |
| **CASE TITLE** | Deon Hampton (#M-15934) v. George Sabie, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $10.58 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Pinckneyville Correctional Center. However, Michael Randle is dismissed as a Defendant. The Clerk is directed to issue summonses for service on Defendants Sabie and Reeder, and the United States Marshals Service is appointed to serve them. The Clerk is further directed to send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel [#4] is granted. The Court appoints Steven John Hampton, McAndrews, Held & Malloy, P.C., Northwestern Atrium Center, 500 West Madison Street, Suite 3400, Chicago, IL 60661, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). The matter is set for status on January 27, 2012 at 9:30 a.m.

■ [For further details see text below.]   **Docketing to mail notices.**

# STATEMENT

Plaintiff, currently in state custody at Pinckneyville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant George Sabie violated Plaintiff's constitutional rights by subjecting him to excessive force while he was a minor in state custody. More specifically, Plaintiff alleges that Defendant Sabie, a correctional officer at the Joliet Youth Detention Center sexually assaulted Plaintiff while he was in custody there on June 9, 2008. Plaintiff alleges he was seventeen years of age at the time. Plaintiff also alleges that he made Defendant Reeder aware of his fear of sexual assault by Defendant Sabie, and Defendant Reeder did nothing to prevent the attack. Plaintiff claims that Defendant Sabie has been convicted of the attack on Plaintiff as of October 20, 2011. Plaintiff also names Michael Randle, the former director of the Illinois Department of Corrections as a Defendant.

Plaintiff's motion to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $10.58. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

**(CONTINUED)**

AWL

| STATEMENT |
|---|

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal claim against Defendant Sabie for excessive use of force. *Acevedo v. Canterbury*, 457 F.3d 721, 724 (7th Cir. 2006). The Court further finds that Plaintiff has articulated a colorable cause of action against Defendant Reeder for deliberate indifference to a substantial risk of serious harm. *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005), *citing Farmer v. Brennan*, 511 U.S. 825, 832 (1994). It appears that Plaintiff may have a statute of limitations problem with his claims. Under Illinois law, if a minor has state-law claims and section 1983 claims that accrue during his minority, then he may bring the action within two years after he has attained eighteen years of age. 735 Ill. Comp. Stat. 5/13-211; *Reyes v. City of Chi.*, 585 F. Supp.2d 1010, 1016 (N.D. Ill. 2008). As more than two years has passed since Plaintiff reached the age of majority (the IDOC website indicates that Plaintiff was born on February 16, 1991), it appears that Plaintiff's claims may be barred. However, any argument regarding statute of limitations would be properly raised as an affirmative defense, and the Court believes it would be more appropriately addressed by Defendants.

However, Plaintiff has failed to state a cause of action against Defendant Randle. Plaintiff makes his claims against Defendant Randle in his supervisory capacity. Plaintiff has alleged no facts suggesting his direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has Plaintiff indicated that the alleged violation of his constitutional rights occurred at his direction or with his knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

The mere fact that Defendant Randle held a supervisory position is insufficient to establish liability, as the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Supervisors cannot be held liable for the errors of their subordinates. *Birch v. Jones*, No. 02 C 2094, 2004 WL 2125416, at *6 (N.D. Ill. Sep. 22, 2004) (Manning, J.), *citing Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Id.* In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery. *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). Because Plaintiff has failed to state any facts suggesting that Defendant Randle was personally involved in–or even aware of–the alleged circumstances giving rise to the complaint, he has failed to state a claim against him.

The Clerk shall issue summons forthwith for service on Defendants Sabie and Reeder (hereinafter, "Defendants"). The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If Defendants can no longer be found at the work address provided by Plaintiff, the Illinois Department of Juvenile Justice shall furnish the Marshal with Defendants' last-known addresses. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is **(CONTINUED)**

| STATEMENT |
|---|

authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

    Plaintiff has filed a motion for appointment of counsel. In light of the allegations made in Plaintiff's complaint, the motion is granted. The Court appoints Steven John Hampton, McAndrews, Held & Malloy, P.C., Northwestern Atrium Center, 500 West Madison Street, Suite 3400, Chicago, IL 60661, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). Plaintiff's counsel shall review Plaintiff's complaint [#1], confer with Plaintiff, and notify the Court within 60 days if he intends to proceed with that complaint or to submit an amended complaint that comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.