IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DEON HAMPTON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 11 C 8478 |
| **GEORGE SABIE** and **JOHN RITA,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff Deon Hampton ("Hampton") has brought suit for violation of his civil rights against George Sabie ("Sabie"), a correctional officer at the Illinois Youth Center Joliet ("IYCJ"), and John Rita ("Rita"), the superintendent of the IYCJ. Hampton alleges that he was sexually assaulted by Sabie on June 9, 2008, when Hampton was an inmate at the IYCJ, and that Rita failed to protect him from this assault. Rita has brought a motion to dismiss, alleging that the claim against him is time-barred. For the reasons that follow, the motion is granted.

I.

According to the allegations of the Amended Complaint, which will be accepted as true for the purposes of ruling on this motion, Hampton was 17 at the time of the incident. Hampton is openly homosexual, and was sexually harassed by Sabie and other correctional officers at the IYCJ. Sabie forced Hampton to take

off all his clothes on several occasions, and Hampton complained to Rita about the harassment at least twice. Rita told Hampton he "should not be so gay." Hampton was placed in segregation as a result of his complaints about Sabie.

On June 9, 2008, Sabie entered Hampton's cell and offered him $400 for sex. When Hampton refused, Sabie threatened to use his position to keep Hampton in the IYCJ longer if Hampton did not perform a sex act on Sabie. Sabie then forced Hampton to perform a sex act on him.

After Sabie left Hampton's cell, Hampton reported the incident to another correctional officer. Another inmate reported that he witnessed the assault. Hampton was taken to the health care unit, where a rape kit was performed. Hampton's requests to call home and to report the assault were denied. He was stripped of his clothing and left naked until he was released a week later.

Hampton was eventually able to speak with a counselor who reported the sexual assault by Sabie. That counselor is believed to have been fired after the report. As a result of the report, Sabie was arrested and prosecuted. On Oct. 20, 2011, he was convicted of criminal sexual assault, custodial sexual assault, and official misconduct in the Will County Circuit Court.

In Count II of his Amended Complaint, Hampton alleges that Rita failed to investigate his complaints of sexual harassment,

failed to take action when he learned of the sexual assault, and was deliberately indifferent to Hampton's constitutional rights.[1]

II.

Rita moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient facts, accepted as true, "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Although a complaint's factual allegations need not be detailed, they must provide more than "labels, conclusions, or formulaic recitations of the elements of a cause of action, and allege enough to raise a right to relief above the speculative level ." *Ruiz v. Kinsella,* 770 F. Supp. 2d 936, 941–42 (N.D. Ill. 2011)(citing *Twombly,* 550 U.S. at 555). In ruling on such a motion, the question is whether the facts, accepted as true, "present a story that holds together." *Swanson v. Citibank, N.A .,* 614 F.3d 400, 404 (7th Cir. 2010). Although a statute of limitations defense does not normally form the basis for a motion to dismiss under Rule 12(b)(6), when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, dismissal is appropriate. *Logan v.*

---

[1] Count I of the complaint is a § 1983 claim against Sabie. Sabie has not responded to the complaint.

3

*Wilkins,* 644 F.3d 577, 582 (7th Cir. 2011).

## III.

In § 1983 actions, federal courts adopt the forum state's statute of limitations for personal injury claims. *Eison v. McCoy*, 146 F.3d 468, 470 (7th Cir. 1988) (internal citations omitted). Under Illinois law, the general limitations period for personal injury claims is two years. *Id.* (citing 735 ILCS 5/13-202). When the claim is brought by a person who was younger than 18 years of age when the cause of action arose, he or she may bring the action within two years of turning 18. *Reyes v. City of Chi.*, 585 F. Supp. 2d 1010, 1016 (N.D. Ill. 2008)(citing 735 ILCS 5/13-211).

Rita contends that because Hampton was a minor at the time of the sexual assault, he had two years from his 18th birthday to file a claim. According to his birth date on the Illinois Department of Corrections' web site, Hampton turned 18 in February 2009. I may take judicial notice of this date under Fed. R. Evid. 201 because it comes from the IDOC's official web site and is not subject to reasonable dispute. *See B v. Duff*, No. 06 C 4912, 2009 WL 2147936, at *1 n.3 (N.D. Ill. July 17, 2009) (citing *Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.,* 298 F.3d 600, 607 (7th Cir. 2002)). Hampton did not file suit until Nov. 29, 2011.

There appears to be no real dispute that if the standard

4

two-year statute of limitations for § 1983 actions applies, then Hampton's claims are time-barred. Hampton argues, however, that the claims are timely under either of two Illinois statutes of limitations. First, under Illinois law, actions may be brought at any time if:

> (1) the action is based upon conduct of a person which constituted the commission of first degree murder, a Class X felony, or a Class 1 felony as these terms are utilized at the time of filing of the action; and
>
> (2) the person was convicted of the first degree murder, Class X felony, or Class 1 felony.

735 ILCS 5/13-202.1.[2] Additionally, the Illinois Childhood Sexual Abuse Act ("CSAA") sets a 20-year statute of limitations for claims based on childhood sexual abuse, providing, in relevant part:

> (a) In this Section:
>
> "Childhood sexual abuse" means an act of sexual abuse that occurs when the person abused is under 18 years of age.
>
> "Sexual abuse" includes but is not limited to sexual conduct and sexual penetration as defined in Section 12-12 of the Criminal Code of 1961.
>
> (b) Notwithstanding any other provision of law, an action for damages for personal injury based on childhood sexual abuse must be commenced within 20 years of the date the limitation period begins to run under subsection (d) or within 20 years of the date the person abused discovers or through the use of reasonable diligence should discover both (I) that the act of childhood sexual abuse occurred and (ii) that the injury was caused by the

---

[2] Criminal sexual assault, one of the offenses of which Sabie was convicted, is a Class 1 felony. 720 ILCS 5/11-1.20(b)(1).

> childhood sexual abuse. The fact that the person abused discovers or through the use of reasonable diligence should discover that the act of childhood sexual abuse occurred is not, by itself, sufficient to start the discovery period under this subsection (b). Knowledge of the abuse does not constitute discovery of the injury or the causal relationship between any later-discovered injury and the abuse.
> . . .
>
> (d) The limitation periods under subsection (b) do not begin to run before the person abused attains the age of 18 years; and, if at the time the person abused attains the age of 18 years he or she is under other legal disability, the limitation periods under subsection (b) do not begin to run until the removal of the disability.

Hampton cites *Doe v. Hinsdale Twp. High Sch. Dist. 86*, 905 N.E.2d 343, 346-47 (Ill. App. Ct. 2009) for the proposition that the 20-year statute of limitations in the CSAA applies to claims both against the child abuser and those who had a duty to protect the child from abuse. Similarly, in *Hobert v. Covenant Children's Home*, 723 N.E.2d 384, 386 (Ill. App. Ct. 2000), the court explained that the CSAA applies generally to an action for damages "based on childhood sexual abuse."

> Nowhere does the statute limit its application to injuries that are the result of childhood sexual abuse by the abuser. We fail to see how the phrase "based on" could be read to mean anything other than any action brought for injuries suffered as a result of childhood sexual abuse, whether it be at the hands of the abuser or by reason of a party's non-action when such party had a duty to protect the child being abused.

*Id.* at 387.

6

Both of these cases, however, involved state law tort claims. Whether the CSAA would allow Hampton to bring timely state law claims against Rita for failure to protect him from abuse is not at issue here. Rather, the issue in this case is whether the CSAA applies to § 1983 claims.

As to § 13.202.1, providing that claims based upon certain felonies may be brought at any time, Hampton cites *McIntyre v. McCaslin*, No. 11 C 50119, 2011 WL 6102047, at *2–*3 (N.D. Ill. Dec. 7, 2011), for the proposition that this statute applies to § 1983 claims. It is true that the court in *McIntyre* found that § 13.202.1 could apply to claims brought under § 1983, but the court did so without addressing whether an extension of the typical two-year statute of limitations would comport with U.S. Supreme Court or Seventh Circuit jurisprudence. The U.S. Supreme Court has held that where state law provides multiple statutes of limitations for personal injury actions, courts hearing § 1983 claims "should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 250 (1989).

Judge Castillo recently considered the applicability of the CSAA to § 1983 claims in *Woods v. Ill. Dep't of Children and Family Servs.*, --- F. Supp. 2d ---, 2012 WL 3065305 (N.D. Ill. July 27, 2012). There, the plaintiff alleged that he was sexually abused by another child after being placed in a residential treatment center. *Id.* at *1. He filed suit against the Illinois Department of

7

Children and Family Services, alleging the agency failed to protect him from abuse while in state custody. *Id.* The plaintiff argued that his cause of action was timely because it was governed by the 20-year statute of limitations in the CSAA. *Id.* at *2.

In rejecting that argument, Judge Castillo traced the history of the Supreme Court's approach to determining the appropriate state law statute of limitations to apply to federal civil rights claims. *Id.* at *3–*4. Judge Castillo noted that in *Owens*, the Supreme Court addressed confusion over which state statute of limitations applied to § 1983 claims in states with both specific statutes of limitations for certain intentional torts and a general statute governing other personal injury actions. *Id.* at *4 (citing *Owens*, 488 U.S. at 241). Some courts of appeal had held that the appropriate state statute of limitations was that assigned to certain intentional torts. *Owens*, 488 U.S. at 241. Others applied the forum state's residual statute of limitations. *Id.* at 242.

The Supreme Court in *Owens* rejected the intentional torts approach as "manifestly inappropriate" because it would result in too much confusion over which intentional tort was most similar to the § 1983 claim. *Id.* at 243–47. Instead, the court found that applying only the general or residual statute of limitations for personal injury actions would allow potential plaintiffs and defendants "to readily ascertain with little risk of confusion or unpredictability, the applicable limitations period." *Id.* at 248.

8

As Judge Castillo noted in *Woods*, there are limited exceptions to this rule. 2012 WL 3065305, at *5. The Supreme Court has held that applying the general personal injury statute of limitations may not be appropriate if doing so would be inconsistent with federal interests. *Id.* (citing *Owens*, 488 U.S. at 251 n. 13). Additionally, the high court has held that the state statute of limitations should not be applied if it discriminates against federal claims or fails to afford a reasonable time to bring the federal claim. *Burnett v. Grattan*, 468 U.S. 42, 60-61 (1984).

Hampton makes no argument that these exceptions apply in his case, however. Further, as noted by Judge Castillo, the Supreme Court in *Owens* listed certain state child sexual abuse statutes of limitations among those which it was inappropriate to apply in lieu of the general personal injury limitations period. *Woods*, 2012 WL 3065305, at *5 (citing *Owens*, 488 U.S. at 244 n. 8). The CSAA (or § 13.202.1, governing claims based on certain felonies) may be most analogous to Hampton's claim, but the Supreme Court in *Owens* specifically rejected an approach that would use the most analogous state law statute of limitations in favor of consistency and certainty. *See id.*

Given the Supreme Court's emphasis on applying the general personal injury statute of limitations, several courts have rejected arguments similar to the one Hampton makes here. In *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 580 (9th

9

Cir. 2012), the court rejected the application of an Oregon child-abuse specific statute of limitations to a § 1983 claim. While the plaintiff argued that considerations unique to child abuse counseled in favor of the use of the child abuse specific statute, the Ninth Circuit noted that § 1983 "does not incorporate the policy considerations that underlie specific torts and their statutes of limitations, as it both 'override[s]' and is "supplementary to any remedy any State might have." *Id.* (citing *Wilson v. Garcia*, 471 U.S. 261, 272 (1985), *partially superseded by statute as stated in Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 377–78, 382 (2004)). Given that identifying the appropriate statute of limitations was meant to be an "uncomplicated task," the court held that Oregon's residual two-year statute of limitations applied to claims based on child abuse. *Id.*

Similarly, the 10th Circuit in *Blake v. Dickason*, 997 F.2d 749, 751 (1993), declined to apply a statute of limitations specific to child abuse victims to a § 1983 claim, noting the "strong federal interest in having clear, predicable, and easily applied standards for selecting civil rights statutes of limitation."  While I have not found a Seventh Circuit case specifically addressing the issues raised here, the Seventh Circuit has held that "a two-year statute of limitations is sufficient to protect the federal interests of compensation and deterrence" implicit in § 1983. *Sulicz v. Duncanson*, 215 F.3d 1330, 2000 WL

10

702219, at *2 (May 24, 2000)(unpublished table decision)(citing *McDougal v. Cty. of Imperial*, 942 F.2d 668, 673 (9th Cir. 1991)).

While I am sympathetic to Hampton's desire to have his claim against Rita heard on the merits, binding precedent from the U.S. Supreme Court and persuasive authority from courts inside and outside the Seventh Circuit demonstrate that the claim is time-barred. Consequently, I must grant Rita's motion to dismiss.

IV.

For these reasons, Defendant Rita's Motion to Dismiss Count II of Plaintiff's Amended Complaint (Dkt. No. 29) is granted.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: Aug. 10, 2012